IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRIGINA

**COUNTRY MUTUAL INSURANCE CO.**
**1701 TOWANDA AVENUE**
**BLOOMINGTON, IL  61701**

ELECTRONICALLY FILED
1/4/2022
U.S. DISTRICT COURT
Northern District of WV

                  **Plaintiffs,**

  vs.                            CASE NO.: 3:22-cv-3 GROH

**340 OIL N LUBE, LLC**
**83 B FLOWING SPRINGS WAY**
**CHARLES TOWN, WV  25414**

                  **Defendant.**

## COMPLAINT

Plaintiff, Country Mutual Insurance Company ("Plaintiff"), by and through undersigned counsel, hereby presents its Complaint against the above-captioned Defendant, stating as follows:

1. Plaintiff is a commercial entity organized and existing under the laws of Illinois; its principal place of business is at 1701 Towanda Avenue in Bloomington, Illinois.

2. At all relevant times, Plaintiff provided – via an in-force policy – property *(inter alia)* insurance to Harmony Council of Co-Owners, Inc. ("subrogor") in connection with its business operations at 9576-96 Soaring Breezes in Union, Kentucky ("subject property"), including Unit 9592 ("origin property").

3. In the wake of the incident described below, as a result of claims made on said policy (which were paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid thereunder, including the claims asserted in this action.

4. Defendant, 340 Oil N Lube, LLC ("Defendant"), is a West Virginia limited-liability company with its principle place of business at the above-captioned address.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Upon information and belief, sometime prior to November 2, 2019, Defendant was hired by the owners of the origin property to perform an oil change and associated services to their 2015 Ford Explorer ("subject vehicle").

8. On November 2, 2019, a fire erupted in the subject vehicle while it was parked in the garage at the origin property.

9. The cause of the fire was engine oil escaping from the area of the oil filter, which came into contact with the subject vehicle's hot exhaust system.

10. As a direct and proximate result of the acts and/or omissions of Defendant (as are described more fully below), subrogor sustained damage to subrogor's property, as well as additional expenses besides, in an amount in excess of $450,000.00.

11. By operation of payments made to subrogor pursuant to the terms and conditions of the aforementioned insurance policy; Plaintiff became subrogated to the recovery claims asserted in this action.

## COUNT I – NEGLIGENCE

12. Plaintiff repeats and re-alleges all of the allegations set forth in all the foregoing paragraphs as though they were fully set forth and repeated herein at length.

13. Defendant owed subrogor a duty to use reasonable care to avoid causing harm to subrogor's property.

14. The aforementioned damages were the direct and proximate result of the negligence and/or other unlawful conduct of Defendant – including negligent acts and/or omissions as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of duties associated with the oil change and other services to the subject vehicle, including but not limited to negligently acting as follows:

        (1) failing to competently change the oil and perform associated services in a safe and appropriate manner;

        (2) failing to ensure that proper techniques were employed, and applicable safety procedures as to the oil change and associated services;

    (b) failing to adequately instruct, supervise and/or train servants, employees, and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

    (d) failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

  (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

  (f) failing to retain competent, trained, qualified, and/or able agents, employees, and/or servants to perform the tasks set forth in subparagraph (a) above; and/or

  (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry standards and customs applicable to this action.

15. As a direct and proximate result of such negligence, subrogor's property was damaged and additional expenses were incurred in excess of $450,000.00; as described herein, Plaintiff became subrogated to recovery rights relating thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in excess of $450,000.00, plus costs of suit, reasonable attorney fees, delay damages, prejudgment interest, and such other relief as this Honorable Court deems appropriate under the circumstances.

              **COUNTRY MUTUAL INSURANCE CO.,**

              **By Counsel,**

/s/ Lee Murray Hall
Lee Murray Hall, Esq. (WVSB #6447)
**JENKINS FENSTERMAKER, PLLC**
P.O. Box 2688
Huntington, WV 25726
Telephone: (304) 523-2100
Fax: (304) 523-2347
E-mail: LMH@JenkinsFenstermaker.com